# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

| | |
|---|---|
| **In the matter of the Search of**<br>(Name, address or brief description of person, property or premises to be searched)<br><br>**3741 Wesley Drive, Montgomery, Alabama 36111 (See Attachment A)** | **APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**<br><br>CASE NUMBER: 2:05mj94-B |

I _____ Leighton Greenlee _____ being duly sworn depose and say:

I am a <u>Special Agent with United States Secret Service,</u> and have reason to believe that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location):

**3741 Wesley Drive, Montgomery, Alabama 36111, (See Attachment A)**

in the _____ Middle _____ District of _____ Alabama _____

there is now concealed a certain person or property, namely (describe the person or property to be seized):

**See Attachment B,**

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**contraband or property that constitutes evidence of the commission of a criminal offense,**

concerning a violation of Title __18__ United States Code, Section(s) __1344__

The facts to support the issuance of a Search Warrant are as follows:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

AUGUST 3, 2005                                    at    MONTGOMERY, ALABAMA
Date                                                                City and State

DELORES R. BOYD, U.S. MAGISTRATE JUDGE    _____
Name & Title of Judicial Officer                                Signature of Judicial Officer

AFFIDAVIT

1) I am a Special Agent with the United States Secret Service and have been so employed since January, 1997. In March, 2005, I was assigned as the Resident Agent to Montgomery, Alabama. Prior to this appointment, I was assigned to the Presidential Protection Division in Washington D.C. and Austin, Texas. Between 1997 and 2001, I was assigned to the Houston Area Fraud Task Force where I was assigned to exclusively investigate matters of fraud. Prior to my appointment to the United States Secret Service, I was employed as a Police Officer with the Waco Police Department in Waco, Texas.

2) As a Special Agent of the United States Secret Service, I am currently responsible for the investigation of Federal offenses involving Bank Fraud in violation of Title 18, United States Code, Section 1344. I have received training in how to conduct investigations of offenses relating to Bank Fraud. The specialized training I have received includes various courses on the recovery of evidence and the detection of counterfeit obligations, to include counterfeit commercial checks.

3) This affidavit is being made in support of an application for an anticipatory search warrant to search the entire premises located at 3741 Wesley Drive, Montgomery, Alabama 36111, listed in attachment A.

4) The factual information contained in this application and affidavit is based upon my investigation and upon information provided to me by a reliable confidential informant (CI). Because this affidavit is being submitted for the purpose of securing an anticipatory search warrant, it does not contain all the information from the investigation, but only those facts deemed necessary to establish probable cause for the requested anticipatory search warrant.

5) I have probable cause to believe that evidence of a violation of Title 18, United States Code, Section 1344, Bank Fraud, is located within 3741 Wesley Drive, Montgomery, Alabama 36111. Based upon the following information, there is probable cause to believe that the above identified premise currently contains evidence, fruits, and instrumentalities of Bank Fraud as described below in Attachment B.

6) Title 18, United States Code, Section 1344 (a) and (b), makes it a federal criminal offense for any person to knowingly execute, or attempt to execute a scheme or artifice to defraud a financial institution; or to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

LOCAL INVESTIGATION

7) On July 28, 2005, the CI provided information on a subject in Montgomery, Alabama who is printing counterfeit commercial checks, counterfeit money orders and

counterfeit Alabama Drivers Licenses. The CI continued that the suspect, known only as "Sandy", prints the above counterfeit items and sells them to interested persons. The CI added that the CI was inside of 3741 Wesley Drive, Montgomery, Alabama 36111, earlier that same day and witnessed the printing of a counterfeit commercial check. The CI also claimed to be present when a subject, Roscoe McCall, was arrested earlier in the day while attempting to pass the counterfeit Regions Bank commercial check the CI had seen printed in 3741 Wesley Drive, Montgomery, Alabama 36111.

8) The CI agreed to return to 3741 Wesley Drive, Montgomery, Alabama 36111, and provide your affiant with examples of the counterfeit items.

9) Your Affiant contacted Investigator Lee of the Prattville, Alabama Police Department. Investigator Lee confirmed that they had arrested a subject passing a counterfeit check earlier in the day by the name of Roscoe McCall. He later confirmed that it was a Region's Bank commercial check with a payee of Brandon O. Johnson, identical to the checks delivered by the CI to me. He added that an unknown subject had left the scene prior to police being able to identify the subject.

10) On the same date, the CI returned with four (4) counterfeit Regions Bank commercial checks. The CI continued that a purchase of an unlimited amount of counterfeit commercial checks could be made for $500, and for an additional $500, the CI could also purchase a counterfeit Alabama drivers license in the same name as the payee name on the counterfeit checks. Further, the CI described the equipment and software "Sandy" was using to counterfeit the above items. The CI claimed to have been a witness to multiple instances when the suspect, "Sandy", printed counterfeit commercial checks.

11) When an internet address check of 3741 Wesley Drive, Montgomery, Alabama yielded that the apartment was occupied by Sandy Garrott Dixon, a photo of Dixon was shown to the CI who confirmed that was the "Sandy" that he/she witnessed printing counterfeit bank commercial checks on 7/28/05, and previous occasions.

12) A check of Alabama Power Records show Sandra E. Dixon to be the subscriber for 3741 Wesley Drive, Montgomery, Alabama with her account being opened on 2/01/05.

13) Also on 7/ 28/05, I contacted Chris Hudgens, Regions Bank Investigator. Upon providing him the information on the checks delivered by the CI, he confirmed that the checks were, in fact, counterfeit.

14) On 8/02/05, I was contacted by Chris Hudgens, Regions Bank Investigator. Hudgens stated that two counterfeit checks had been negotiated in the past several days. One check was cashed for $544.20 on 8/01/05, and the other in the amount of $397.40 on 7/29/05. He stated that they had been passed at the Comala Credit Union in Montgomery, Alabama. Both checks are drawn on the same account number as the

checks provided by the CI. Both checks are made out to Sandra G. Dixon, the same name used by the subject who the CI claims to have witnessed print the checks delivered to me on 7/28/05.

## PREPARATION FOR THE CONTROLLED PURCHASE

15) On or about 8/3/05 your Affiant will equip the CI with electronic recording equipment, after doing a thorough examination of the CI's person and vehicle. The CI will be provided with U.S. currency and will travel to 3741 Wesley Drive, Montgomery, Alabama. The CI will be monitored either by electronic means or by your affiant or another law enforcement officer.

16) The CI will enter the premises in an attempt to purchase counterfeit items to include counterfeit commercial checks, and/or counterfeit money orders, and/or counterfeit Alabama Driver's Licenses. If the above does not occur, the CI will acquire any combination of the above items by asking for samples from an occupant of the residence.

17) WHEREFORE, your affiant respectfully requests that an anticipatory search warrant be issued authorizing the United States Secret Service, pursuant to Title 18, United States Code, Section 3105, with appropriate assistance from other law enforcement officers, to enter the said described premises after the above-stated has occurred and been verified by your affiant.

_____
Affiant

Subscribed and sworn before me on this 3rd day of August, 2005.

_____
Delores R. Boyd
United States Magistrate Judge

Attachment A

**PREMISES TO BE SEARCHED**

3741 Wesley Drive, Montgomery, Alabama, including any locked cabinets, locked containers, locked closets, computer equipment, data storage media or outbuildings to include outside storage units or garages located on the property designed solely for the use of the occupants of 3741 Wesley Drive, Montgomery, Alabama.

3741 Wesley Drive, Montgomery, Alabama is an apartment located in the Chateau Apartment Complex whose office is located at 3200 Wesley Drive. It is located on the ground floor of a white brick two - story building. 3741 Wesley Drive has a white front door with a red wreath attached to the center of it. Above the door, 4731 is affixed in black numbers.

**Attachment B**

The scope of this search warrant is limited to evidence relating to the printing, sale or usage of counterfeit financial instruments to include counterfeit checks, counterfeit money orders and false identifications.

Property to be Seized
1. Books, records, receipts, notes, ledgers, and other papers relating to fraud or the printing of counterfeit instruments and their use.
2. Books, records, receipts, bank statements, and records, money drafts, letter of credit, money orders and cashier's checks, receipts, pass books, bank checks, safety deposit box keys, and other items evidencing the obtaining, secreting, transferring, and/or concealing of assets and the obtaining, secreting, transferring, concealing, and/or expending of money.
3. Receipts for items evidencing the expenditure of funds for equipment and supplies associated with the printing of counterfeit items.
4. Indicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, canceled envelopes, keys.
5. Cellular telephones, to include the contents of any cellular telephone, such as electronic information containing numbers recently dialed, recently received telephone call numbers, electronic telephone listings or directories, and voice mail messages.
6. Counterfeit financial instruments either partially or wholly printed, computers, software, scanners, printers, storage media or any other type of equipment commonly used in the commission of printing counterfeit financial instruments.
7. Supplies and equipment used in the process of printing counterfeit financial obligations to include; paper, check stock, ink, paper cutters, laminating machines.
8. Fraudulent identifications, or images of fraudulent identifications, either wholly or partially completed.
9. Equipment used to print and complete fraudulent identifications to include printers, laminating machines, scanners, software, storage media, photos, cameras, images and genuine identifications.